## VAN MARTER *vs.* BABCOCK and others.

By a written contract, made on the 14th of May, 1847, between the plaintiff and the defendants, the former agreed to sell to the latter, all the mint oil which should be produced upon twenty-three acres of peppermint then growing, which should include and cover all the oil of peppermint the plaintiff should raise, grow or distill, or in any way produce or be interested in the production of, for two years from the date of the contract, and the defendants agreed to take and pay for the same, at a specified price per pound. And the plaintiff agreed to discontinue his interest in the production of peppermint oil (with the above exception) until the first of March, 1849; that he would not sell, give or barter away any peppermint roots to any person whatever, until that time; that he would not distill for any other person, excepting for those who should have contracted their oil of peppermint to the defendants; nor sell, rent or give away his distillery, or the use of it, for two years; and that no peppermint roots, except two acres, &c. should be grown, or oil distilled, on his land, until the 1st of March, 1849, excepting for the production of the oil of peppermint called for by said contract. It was further stipulated that the agreement should be null and void in case the growers did not generally enter into an agreement with the defendants by the first day of June, &c. In an action

Van Marter *v.* Babcock.

against the defendants, for a breach of this contract, in refusing to receive and pay for the oil of peppermint raised by the plaintiff, on his land; *Held,* that the agreement was not illegal and void as being in restraint of trade, or against public policy; or under the statute against conspiracies to restrain trade; or as being part of a scheme for monopolizing the trade in peppermint oil; but that the same was valid, and capable of being enforced.

MOTION on the part of the defendants for a new trial; ordered to be heard in the first instance at a general term. The action was brought to recover damages for an alleged breach of a contract between the parties, which contract, as set forth in the complaint, was in the words and figures following :

"A contract made between E. C. Patterson & Co. of the city of New York, and Gilbert Van Marter, of the county of Wayne and state of New York: The said Van Marter agrees to sell to the said E. C. Patterson & Co. all the mint oil which is produced upon twenty-three acres of peppermint now growing, which is all I own, or am interested in, and is situated in the town of Lyons, county of Wayne and state of New York ; and the quantity which I estimate will be grown upon said twenty-three acres, is about four hundred pounds ; it being hereby agreed and understood that this contract shall include and cover all the oil of peppermint I shall raise, grow or distill, or in any way produce, or be interested in the production of, for two years from date ; and I agree to sell them the same at the sum and price of one dollar and seventy-five cents per pound, payable on the delivery of said oil ; and the said E. C. Patterson & Co. agree with the said Gilbert Van Marter to purchase the same at the rate of one dollar and seventy-five cents per pound, and agree to pay for the same on the delivery of the said oil; and it is agreed and understood that the oil shall be delivered at Dewey & Wells' store, in the town of Lyons, state of New York, on or before the first day of November, in each year, 1847 and 1848 ; and the said Gilbert Van Marter further agrees to discontinue to be interested in the production of peppermint oil (with the above exception) until the first day of March, 1849, and agrees not to sell, give or barter away any peppermint roots

to any person whatever, until the 1st day of March, 1849 ; and agrees not to distill for any other person, peppermint or the oil of peppermint, excepting for those who shall have contracted their oil of peppermint to said E. C. Patterson & Co.; nor sell, rent or give away my distillery, or the use of it, for the purpose of manufacturing or distilling peppermint oil, for two years from the date hereof; and do further agree that no peppermint roots, except two acres, which I reserve for seed roots, shall be grown, nor oil distilled, on any part or portion of my farm or farms, or lands occupied by or for me, either by myself or for any other person whatever, until the first day of March, 1849, excepting for the production of the oil of peppermint as sold by me to the said E. C. Patterson & Co. in this contract. And it is further agreed and understood, that this instrument shall be null and void, provided the growers do not generally enter into an agreement with E. C. Patterson & Co., by the first day of June, and a notice in writing shall be given to the said Gilbert Van Marter by the said E. C. Patterson & Co. to that effect, during the month of May, inst. Dated this 14th day of May, 1847.

Signed      GILBERT VAN MARTER.<br>
E. C. PATTERSON & Co.<br>
By Dewey & Wells."

The breach of the contract assigned in the complaint was, that the defendants refused to receive and pay for the plaintiff's crop of oil of peppermint raised on all his lands and on said twenty-three acres in the year 1848, which the plaintiff averred to be two hundred pounds of oil ; which oil, as he alleged, he delivered at the time and place in said contract named, and tendered to said defendants, which they refused to receive and pay for ; and that said oil of peppermint was then and there worth only the sum of nine shillings per pound.

The defendants' answer set up several defenses, claiming, among other things, that the contract was made in restraint of trade, and was against public policy, and void.

The trial came on at the circuit in Wayne county in February, 1855, before Mr. Justice STRONG. The plaintiff gave evidence tending to show the execution, by the parties, of the con-

tract above set forth ; that the plaintiff tendered the oil which he manufactured in the year 1848, in pursuance of the contract, and that the defendants refused to receive and pay for the same ; that the price of peppermint oil on the first day of No-vember, 1848, was but nine shillings per pound, and that the quantity so tendered was about two hundred pounds. After the plaintiff rested his proofs, the defendants, by their counsel, moved for a nonsuit, upon the grounds, among others, that the contract was void, as being in restraint of trade and against public policy ; and as being, by its terms, and under the proof, part of a scheme for monopolizing the trade in peppermint oil, and was illegal and void under the statute against conspiracies to restrain trade and commerce. The motion was overruled, and the defendants excepted. The plaintiff obtained a ver-dict for $161.85.

*F. E. Cornwell,* for the defendants.

*Wm. Clark,* for the plaintiff.

*By the Court,* Welles, J. The only question of any im-portance, is upon the validity of the agreement between the parties, of May 14th, 1847, which is above set forth. We think all the other rulings upon the trial were correct ; and that they do not, any of them, require particular consideration.

It is a well settled rule of the common law, that contracts in restraint of trade are illegal and void, upon the ground that they are contrary to public policy. But such restraint, to be ille-gal, must be total, either for a limited time or generally. If the limitation be to a particular locality only, the restraint is not unlawful. (*Comyn on Cont. pt.* 1, *ch.* 4, *p.* 55. *Id. pt.* 2, *ch.* 10, *p.* 438. *Michell* v. *Reynolds,* 1 *P. Wms.* 181.) The theory seems to be, that as the prosecution of trade advances the public welfare, the law will not enforce any contract which necessarily diminishes the business and industry of the coun-try. But as it is of no consequence to the public, where a man carries on his trade or occupation, within the state, provided he

Van Marter *v.* Babcock.

is not prohibited from doing so at all; the law recognizes as valid, or as not in contravention of the principle under consideration, any contract which only restricts him to, or excludes him from, a particular locality for the prosecution of his trade. (*See Gale* v. *Reed,* 8 *East,* 80.)

Does the contract in this case fall under the condemnation of the rule in question, as thus stated and explained? ˙The agreement appears to consist of two distinct parts, having two separate objects in view.˙ In the first place the plaintiff agrees to sell to the defendants all the mint oil which is produced upon twenty-three acres of peppermint then growing, the parties agreeing that the contract should include and cover all the oil of peppermint which the plaintiff should raise, grow or distill, or in any way produce or be interested in the production of, for two years from the date of the contract; the defendants agreeing to take the same at a price agreed upon in the contract. So far, it cannot be contended there was any restriction upon the plaintiff as to the quantity of oil he was at liberty to manufacture or produce; on the contrary, he was left at liberty to produce all he chose and where he pleased. The extent of his obligation was to sell to the defendants all he should produce, &c. within the specified time. ‹In the next place the plaintiff agrees to discontinue his interest in the production of peppermint oil (with the above exception) until the first of March, 1849, and agrees not to sell, give or barter away any peppermint roots to any person whatever, until the time last mentioned, and not to distill for any other person, &c. excepting for those who shall have contracted their oil of peppermint to the defendants, nor to sell, rent or give away his distillery or the use of it, &c. for two years; and that no peppermint roots except two acres, &c. shall be grown, or oil distilled, on any part or portion of his farm or farms, or lands occupied by or for him, until the first of March, 1849, excepting for the production of the oil of peppermint as sold by him to the defendants under the same contract. ˙ It will be perceived that the exceptions contained in this latter part of the contract, entirely neutralize all expressions or language contained in the instrument, from which

a total restraint could be inferred. All the rights which the first part of it secures to the plaintiff are, in the second, fully preserved. Among them, was the right to manufacture and produce all the peppermint, or the oil thereof, which he was able or chose to manufacture or produce, without restriction. He was only bound to let the defendants have it all at the price stipulated. If they refused to take it all, he would be released, and at liberty to sell it elsewhere. If they received and paid for it according to the contract, no harm would be done to any one. It is impossible to discover that in either event, or in any aspect, there was any thing like such a restraint upon the plaintiff in his business or trade, as the law prohibits.

There is no foundation for the position now taken, that the contract was by its terms and under the proof, part of a scheme for monopolizing the trade in peppermint oil, and was illegal and void under the statute against conspiracies to restrain trade and commerce. (2 *R. S.* 691, 2, § 8, *sub.* 6.) All there is in the contract to afford any color for this objection, is a provision at the close of it, declaring the contract void unless the growers generally enter into an agreement with the defendants ; but it is silent as to what agreement is intended or contemplated. It would be too much, to hold the contract illegal, upon an inference merely, that the contract with the growers was to be of an illegal tendency. In reference to whatever of evidence there was upon the trial to support the objection, the justice was not requested to submit the question to the jury, or to give any instructions on the subject, and the verdict settles the question of fact, in favor of the plaintiff, and, as we think, correctly. The motion for a new trial should be denied, with costs, and an order entered that the plaintiff have judgment upon the verdict.

Ordered accordingly.

[Monroe General Term, March 2, 1857.   *T. R. Strong, Welles* and *Smith,* Justices.]