## PORTER and another vs. SANDERSON.

*Contract construed.*

Defendant hired a steam wrecking pump for use in repairing his mill, agreeing to pay therefor a certain price per day for each day that he should keep it; and he retained it seven and a half days, including one Sunday. *Held*, that the court will give full effect to the *terms* of the contract by construing it to include Sunday as one of the days for which payment is to be made, since that construction will not render the contract illegal (such a contract not necessarily contemplating a *use* of the pump on Sunday), and since there is nothing in the nature of the contract from which it can be inferred that the parties intended to exclude that day from its operation.

APPEAL from the County Court of *Milwaukee* County.

The action is for the use of a steam wrecking pump of the plaintiffs, which the defendant hired for use in and about the repairing of his mill in Milwaukee, at an agreed price of twenty dollars per day. The defendant retained the pump seven and one-half days, which included one Sunday, on which day it was not used.

The only controverted question is, whether the defendant is bound by his contract to pay the agreed per diem for that Sunday. Three witnesses testified on the trial as to the terms of the contract. The plaintiff *Porter* and one Shew testified, in substance, that the contract was that the defendant should pay twenty dollars per day for the hire of the pump from the time he took it until he returned it, whether he used it or not. One Cromwell, who made the contract for the defendant, testified generally that the agreed price was twenty dollars per day, but was silent in respect to any other stipulations therein.

The cause was tried by the court without a jury, and the judge found that the defendant agreed to pay, for the hire of the pump, twenty dollars for each day he kept it, and held that he was liable to pay such hire for the Sunday as well as for the secular days. Judgment was rendered for the plaint-

iffs in accordance with such finding and decision; and the defendant appealed to this court.

*Levi Hubbell,* for appellant, argued that the contract meant that the defendant was to pay twenty dollars for every day he kept the pump and *could lawfully use* it. If it meant more, it was void, and could not be enforced. R. S., ch. 183, secs. 5 and 7; *Moore v. Kendall,* 1 Chand., 38, 39 (2 Pinney, 99); *Hill v. Sherwood,* 3 Wis., 345; *Watts v. Van Ness,* 1 Hill, 76; *Pennington v. Townsend,* 7 Wend., 276; *Northrop v. Foot,* 14 id., 248; *Gray v. Hook,* 4 Coms., 449; *Fahy v. North,* 19 Barb., 341; *Courtright v. Stewart,* id., 455; *Thompson v. Sickles,* 46 id., 49; *Lindenmuller v. People,* 21 How., 156. The court below improperly admitted testimony of the usage or custom in regard to the letting of steam pumps. The plaintiffs were bound to rely on their special contract, which was explicit, and excluded the idea that the parties relied on any usage. *Furness v. Hine,* 8 Wend., 259; *Hinton v. Locke,* 5 Hill, 438; *Lamb v. Klaus,* 30 Wis., 97.

*H. H.* and *G. C. Markham,* for respondents.

LYON, J. It was clearly proved that the defendant agreed to pay for the use of the pump twenty dollars for each day that he kept it. While this contract, by its terms, would seem to include Sunday as one of the days for which the defendant was to pay hire, yet, without doing violence to its language, it may, under certain circumstances, be construed to exclude that day. If construing it to include Sunday would render the contract illegal, or if there is anything in the nature of the contract which raises a reasonable presumption that Sunday was intended to be excluded, then, notwithstanding the terms thereof, it should not be construed to include that day. Otherwise it should be held, as the language of the contract imports, that Sunday is thus included therein. But the mere stipulation, that, in computing the amount of the hire, Sunday should be reckoned as one day, does not necessarily contemplate the use

of the pump on that day, much less an unlawful use of it, and therefore does not render the contract illegal. Neither do we find anything in the nature of the contract from which we can infer that the parties intended to exclude Sunday from its operation. Hence, we have no difficulty in giving full force and effect to the terms of the contract, by construing it to include Sunday as one of the days for which the defendant agreed to pay hire.

*By the Court.*— Judgment affirmed.