CATHARINE A. CURTIS et al:, Administrators, etc., Appellants,
*v.* NOAH W. GOKEY, Respondent.

An agreement made upon the dissolution of a copartnership and pur-
chase by one of the firm of the stock in trade, that the retiring partner
· shall not engage in the business for a specified period of time, or so long
as the other shall continue such business, is not in restraint of trade, and
is valid.

The law will not presume an agreement void as illegal or against public
policy when it is capable of a construction which will make it valid.

A liberal interpretation will be given to the submission to, and to the
award of arbitrators, so'as to uphold the latter when not attacked for
corruption or misconduct of the arbitrators.

C., plaintiff's intestate, and defendant had been copartners as retail deal-
ers in boots and shoes in the village of A. Upon the dissolution of the
firm C. bought out the stock in trade. Defendant subsequently engaged
in the same business at A. By a submission to arbitrators executed by
them, which stated in substance that C. claimed, and defendant denied,
that at the time of the dissolution and purchase defendant agreed not
to engage in such retail trade, the latter agreed if the decision was
against him to discontinue the trade while C. remained in it, or at his
election, to pay such damages as the arbitrators allowed. The arbi-
trators made an award stating that defendant did verbally agree not to
engage in such retail trade at A. while C. was engaged in the business,
and found C.'s damages to be $700. Defendant did not discontinue the
business. In an action upon the award, *held,* that said award was
within the terms of the submission and was valid and binding; that
the agreement on the part of defendant to submit and abide by the
arbitrators' decision was for a sufficient consideration, and was in sub-
stance that defendant would perform such agreement, if any, as the
arbitrators should find and award that he had made upon the subject
referred to; that the agreement as established by the award was valid;
and that the defendant having elected, by a continuation of the business,
to pay the damages found, was liable therefor.

*Curtis* v. *Gokey* (5 Hun, 555) reversed.

(Argued January 17, 1877; decided January 30, 1877.)

APPEAL from order of the General Term of the Supreme
Court in the fourth judicial department setting aside a ver-
dict in favor of plaintiff's intestate and granting a new trial.
(Reported below, 5 Hun, 555.)

This action was upon an award of arbitrators. The facts appear sufficiently in the opinion.

*Geo. B. Bradley* for the appellants. The agreement of plaintiff was reasonable and valid. (*Nobles v. Bates,* 7 Cow., 307; *Mott* v. *Mott,* 11 Barb., 127; *Dunlap* v. *Gregory,* 10 N. Y., 241; *Holbrook* v. *Waters,* 9 How., 335.) As the terms of the submission do not exclude the idea of a legal agreement, it will be assumed that it was not illegal. (*White* v. *Barry,* 12 Wend., 377, 380; *Perkins* v. *Giles,* 53 Barb., 342; 50 N. Y., 228; *Morewood* v. *Jewett,* 2 Rob., 496; *Brown* v. *Brown,* 34 Barb., 533; *Nelson* v. *Eaton,* 26 N. Y., 410; 15 How., 305.) The submission and award will be liberally construed to uphold the award. (*Ott* v. *Schroppel,* 2 Seld., 482; *Case* v. *Ferris,* 2 Hill, 75; *Monroe* v. *Alaise,* 2 Cai., 320; *Emmet* v. *Hoyt,* 17 Wend., 410; Morse on Arb. and Award, 59, 437; Caldwell on Arbitration, 279; 16 Ill., 99; 13 Conn., 236; *Diblee* v. *Best,* 11 J. R., 103; *Morewood* v. *Jewett,* 2 Rob., 496; *Solomon* v. *McKinstry,* 13 J. R., 27, 28; 2 id., 57; *Todd* v. *Barlow,* 2 J. Ch., 551; *Perkins* v. *Giles,* 53 Barb., 342; 50 N. Y., 228; *Barlow* v. *Todd,* 3 J. R., 367.) The voluntary submission by the parties shut the door to inquiry in an action on the award, whether the decision of the arbitrators was against law or not. (*Mitchell* v. *Bush,* 7 Cow., 185; *Shepard* v. *Watrous,* 3 Cai., 166; *Jackson* v. *Ambler,* 14 J. R., 105; *Owen* v. *Raum,* 23 Barb., 187.)

*Geo. T. Spencer,* for the respondent. Plaintiff should have been nonsuited. (Chitty on Con., 664, 667; *Duke of B.* v. *Met. Bd. of Works,* 2 Eng. R., 448; *Pierce* v. *Fuller,* 8 Mass., 223; *Budd* v. *Sinclair,* 50 N. Y., 663.) The agreement of submission was one in restraint of trade, against public policy, illegal and void. (Kyd on Awards, 63, 69; Domat's Civil Law, §§ 1104, 1105; Russell's Arbitrator, 6; *Steers* v. *Lashley,* 6 T. R., 61; *Brown* v. *Bowen,* 30 N. Y., 519, 541; *Plumb* v. *Catt. Mut. Ins. Co.,* 18 id., 392; *Dezell* v. *Odell,* 3 Hill, 315; *Norton* v. *Woodruff,* 2 N. Y., 153;

*Westcott* v. *Thompson*, 18 id., 363 ; *Filkins* v. *Whyland*, 24 id., 338 ; *Miller* v. *Lockwood*, 32 id., 293 ; *Hunt* v. *Rous-maniere*, 1 Pet., 14 ; *Stoddard* v. *Hart*, 23 N. Y., 556 ; *Lawrence* v. *Kidder*, 10 Barb., 651–5 ; *Dunlap* v. *Gregory*, 6 Seld., 244 ; *Mallom* v. *May*, 11 M. & W., 652 ; *Ross* v. *Sadgber*, 21 Wend., 166 ; *Chappel* v. *Brockway*, id., 157 ; *Holbrook* v. *Walters*, 9 How. Pr., 335 ; *Nobles* v. *Burtis*, 7 Cow., 307 ; *Moon* v. *Burrett*, 40 Cal., 251 ; 6 Am. R., 621 ; *Ward* v. *Byrne*, 6 M. & W., 538.) The award was illegal and invalid upon its face. (*Dunlap* v. *Gregory*, 6 Seld., 244 : *Yeomans* v. *Yeomans*, 99 Mass., 585 ; *French* v. *New*, 28 N. Y., 150 ; *Perkins* v. *Giles*, 50 id., 236 ; *Akely* v. *Akely*, 16 Vt., 450 ; *Wyatt* v. *Benson*, 23 Barb., 327 ; *Whitcher* v. *Whitcher*, 49 N. H., 176 ; 6 Am. R., 494.)

ALLEN, J. The defendant and James Curtis, the plaintiff's intestate, had been partners as retail dealers in boots and shoes at Addison, in the county of Steuben, and the one claimed and the other denied, that at the time of the dissolution, and purchase by said plaintiff's intestate of the stock in trade and business of the deceased, the defendant had agreed not to engage in the same business. The defendant having entered into the business in competition with his former partner, a controversy arose between them, which by mutual agreement in writing, was submitted to the arbitrament of four members of the church to which both belonged. The submission stated that Mr. Curtis claimed that defendant made a verbal contract with him not to engage in the retail trade in boots and shoes, which defendant denied. The award of the arbitrators was adverse to the defendant. It stated that defendant did agree verbally, " not to enter into the retail trade in boots and shoes again in Addison, during the time that said Curtis is engaged in said retail trade."

The submission is explicit, and the agreement of the parties to abide by the award and perform the stipulated acts, has a sufficient consideration in its mutuality ; the mutual promise of the parties contained in the submission. The recital of the

controversy is very general, stating the claim and denial of the agreement as the subject of the dispute, but does not profess to state in detail the precise terms of the agreement as claimed by the one and denied by the other. By the articles of submission the defendant agreed, that if the decision of the arbiters should be against him, he would discontinue the retail trade of boots and shoes, while the other party (the intestate), should remain in trade, or at his election continue the business and pay the damages which the arbiters should award. The reasonable interpretation of this agreement is, that the defendant would perform such agreement as the arbitrators should find and award, that he had made in respect to the business of selling boots and shoes at retail to the detriment of his former partner, that is, that he would perform the awards It would follow that if the agreement as established by the award, should be void as forbidden by law, or against well recognized and controlling principles of public policy, the award as well as the agreement would be a nullity, and both would fall together. But the position taken upon the argument by the learned counsel for the defendant and respondent, was that the agreement was general in terms, not local as to place, or restricted as to time, but bound the defendant upon an award that he had made an agreement with his copartner not to engage in the business, to desist and refrain from the business altogether and absolutely in all places, and through all times, and in that view was clearly void, as in restraint of trade.

If this is the true interpretation of the agreement and it is not to be controlled or governed by the award, the position is well taken, and the order should be affirmed. But the reasonable and fair interpretation of the agreement consistent with the language employed, and which should be given it, *ut res magis valeat quam pereat,* is that he would discontinue the business at Addison, where he was then engaged in it, and not commence it at that place or at the furthest in that neighborhood, in competition with and to the prejudice of the other party, so long as the latter should continue in the business.

So construed the agreement as made by the submission, if to be literally performed, and not to be performed as we think was the understanding, as the agreement should be found by the arbitrators was valid. The partners were competent to contract that one should not engage in a particular business within a limited territory and for a specified period of time, or so long as the other should have an interest in the observance of such an undertaking, and should be capable of serving and ready to serve the public in that business. Such an agreement is not in restraint of trade, and is valid. (*Nobles* v. *Bates*, 7 Cow., 307; *Dunlap* v. *Gregory*, 10 N. Y., 241.) The original agreement between the parties, as determined by the arbitrators, is not claimed to be void as in restraint of trade. It is directly within the rule, as settled by the adjudications, and the agreement as recited, as well as that formally made in the articles of submission, are susceptible of an interpretation which would give them effect, and such interpretation should be given them. The law will not presume an agreement void as illegal or against public policy when it is capable of a construction which would make it consistent with the laws and valid. The terms of the submission do not exclude the idea of a legal agreement, and it should therefore be sustained. (*Waite* v. *Barry*, 12 Wend. R., 377; *Nelson* v. *Eaton*, 26 N. Y., 410; *Ott* v. *Schroeppel*, 1 Seld., 482.) The plaintiff was not called upon to prove any consideration for the original agreement. The arbitrators have found that such an agreement was made, and if there was no consideration there would have been no valid agreement, and the award would have been for the defendant.

A consideration can easily be spelled out of the facts proved upon the trial of this action; the existence of the original partnership, its dissolution, the retirement of one of the partners, the purchase by the other of the partnership, stock and the continuance of the business by him. But the award established the agreement, which implies something more than a nude pact, void for want of consideration. The defense rests entirely upon the assumption that the brief and informal

recital in the articles of submission, which is but an induce-
ment to the submission, sets forth the entire agreement claimed
to have been made, and in respect to which this controversy
existed, with all its terms, limitations and qualifications. This
was not the purpose or understood object of the recital, and
the submission was not of any particular contract, or a con-
tract in the terms therein stated, but the matter of a contract
by which the defendant had agreed not to engage in the busi-
ness and trade referred to, to the prejudice of his former
partner still carrying on the business. The whole subject was
referred to the arbitrators, who were to determine whether
any and what agreement was made. They have found
adversely to the defendant, and that he did make a valid
agreement not to engage in trade at Addison, that he had
done so, and that the plaintiff's testator had been damnified to
the amount of $700. Upon any interpretation of the submis-
sion the award was not only within its terms, but upon and in
respect to the precise matter submitted, and is final. We
are not at liberty to be hypercritical for the purpose of over-
turning the decisions of these domestic tribunals, and compel-
ling a resort to the courts of justice. It would be better for
the people if more of their controversies should be settled in
the same way, and justice would be quite as likely to be done
as when administered by the more formal methods of litiga-
tion in the courts. A liberal interpretation should be given
to the submission, and the award made, to uphold the latter
when it is not attacked for corruption or misconduct of the
arbitrator. (*Ott* v. *Schroeppel*, *supra; Case* v. *Ferris*, 2
Hill, 75; *Emmet* v. *Hoyt*, 17 Wend., 410.)

The defendant elected to continue the business in violation
of his agreement, and submit to the alternative of paying the
sum awarded as damages, and the order granting a new trial
must be reversed, and judgment ordered on the verdict.

All concur, except Folger, J., not voting.

Order reversed and judgment accordingly.