O’Gorman, J.
The facts on which the contention arose are these:
The plaintiff is a corporation formed under the law of this state, for the purpose of buying and selling sheep and lambs. The defendant is one of the stockholders of the corporation. On January 8, 1884, the plaintiff corporation, with the consent and approval of *36 its stockholders, of whom the defendant was one, entered into an agreement in writing with a corporation called, “ The New York & New Jersey Sheep Brokers Association,” that the stockholders of the plaintiff corporation, should, for a period of three years thereafter, buy their sheep and lambs from members of the said Sheep Brokers Association only; that the members of the Sheep Brokers Association should, during the same period, sell sheep and lambs for the New York market, to the stockholders of the plaintiff only.
This was a renewal of a similar agreement, the term of which had expired, and during the existence of which, the stockholders of the plaintiff corporation had derived annual dividends of about one hundred and forty (140) per cent, on their investments.
For the purpose of enforcing on the stockholders of the plaintiff corporation compliance with the terms of this agreement of January 8, 1884, the stockholders of the plaintiff corporation, including the defendant, entered, on January 25, 1884, into an agreement with each other and with that corporation, that each of them should pay to the plaintiff corporation the sum of twenty-five dollars for each car load of sheep and lambs purchased by him from any individual or firm, member of the said Sheep Brokers Association after having been notified by the plaintiff not to purchase.
The defendant did purchase from a firm member of the Sheep Brokers’ Association after having been notified not to do so, and this action is brought to recover seventy-five dollars due by him to the plaintiff under the last mentioned agreement.
These facts are admitted, and the defendant’s contention is that the contract of January 8, 1884, was void as being ultra vires, and also in restraint of trade.
It is not alleged in defendant’s answer that that agreement was made with any intent, fraudulent or unlawful, or that it had for its purpose or effect the limiting or *37 circumscribing the energies or productiveness, or usefulness to the public of either of these corporations.
The force of the contract was confined as to duration to three years, and as to the sphere of its influence to the New York market.
It does not appear that this contract was directly or impliedly prohibited by the act under which the plaintiff corporation was organized, or by any statute of this state, or that it was beyond the limit of powers ordinarily vested in corporations for the necessary promotion of their business and fairly implied in the act of incorporation.
The defendant was one of the stockholders who executed it. He, in company with the other stockholders, shared in large pecuniary advantages derived from a similar contract, which had previously existed, and by executing the contract the legality of which he now impugns, entitled himself to like advantages.
As far then as the contract was between him and the plaintiff corporation, defendant is estopped now from setting up that it was ultra vires. (Kent v. Quicksilver, &c., Co., 78 N. Y., 159 ; Sheldon, &c., Co. v. Eickemeyer, &c., Co., 90 Ib., 607 ; Whitney Arms Co. v. Barlow, 63 Ib., 69.)
It should be remarked also, that here the defendant contracted not only with the defendant corporation but with the other stockholders, and that contract was mutually binding. The objection then that the contract was not binding on defendant, as being beyond the power of the corporation to execute, is without merit.
Neither was the contract of January 8, 1884, void as being in unlawful restraint of trade. It cannot be successfully contended that that contract involves any restraint of trade on the part of either of the corporations.
As I have before stated, the contract is limited as to its duration, and its effective operation is confined to the city of New York.
*38 There is no violation of law or of public policy in an agreement between two traders, that one should sell to the other all its commodities and the other buy from the former corporation alone (Chitty on Contracts [11th Am. Ed.], 982-3 and notes). A contract to sell exclusively to a particular person for a limited time is not invalid (Van Harter v. Babcock, 23 Barb., 633); nor a contract not to engage in a special business for a certain period (Curtis v. Gokey, 68 N. Y., 304).
The law will not presume an agreement to be void, as against public policy, when it is capable of a construction which would make it valid.
The order appealed from is affirmed, with costs.
Ingraham, J., concurred in the result; Sedgwick, Ch. J., not voting.