Brady, J.
The parties hereto agreed to submit their differences to arbitration after the plaintiff had commenced *379 an action, and these differences as properly stated by the appellant’s counsel arise upon plaintiff’s claim as follows:
First. That Rouss agreed that Phillips should, for one year from January, 1885, have the management of a business department in Rouss’ store.
Second. That the business should be to buy and sell remnant stocks of certain goods.
Third. That Rouss should furnish the money and store facilities.
Fourth. That the profits were to be equally divided.
Fifth. That on the basis of half the profits made in said department, he (Phillips), suffered damage $20,000, by reason of being discharged by Rouss on March 18, 1885.
And the defendant discharging him, which he did at the end of about two months, claiming that he had the right to do this, not having made an engagement for a year, whatever the employment may have been.
The result was that two of the arbitrators gave an award of $2,500 damages to the plaintiff, the third declining to unite with them, and refusing to award him any compensation. The parties differed in their statements and finally entered upon proof as to their business standing and integrity. They indulged in recrimination and assaults upon witnesses as to truth and veracity. The arbitrators seem to have given due attention to the parties and the duties they were to perform, but the record does not disclose all the evidence taken, although there is as to that fact a difference also. This is alleged by the plaintiff and it is sustained by the affidavit of one of the stenographers, who says there was a great deal of testimony taken which she did not record, and also by affidavits made by both of the arbitrators who concurred. And its importance is illustrated by the fact that the defendant alleges that no testimony was given as to the amount of merchandise stock in the plaintiff’s department, or the amount of business done therein, or as to the profits realized, and this the concuring arbitrators say is not true.
We might be justified in saying here that we cannot properly consider this appeal on the merits as to the plaintiff, for the reason that the whole evidence is not before us, and we would do so if we did not feel it incumbent upon us from what appears to affirm the order appealed from by which a motion to set aside the award was denied. The conclusion expressed by the arbitrators is not assailed for corruption or misconduct, but chiefly for the reason that they meant to decide according to law but did not, and thus to bring the appeal within the principle announced in Fudickar v. Guardian Mutual Life Ins. Co. (62 N. Y., 400), as it was understood and sought to be applied on be *380 half of the appellant. It was said in that case that an award may be set aside for error of law when the question of law is stated on the face of the award, and it appears that the arbitrators meant to decide according to law but did not.
“If it appear from the award,” said the court, “that the arbitrators intended to decide the case according to law, and the grounds of their decision are set out, which in law do not justify it, the case is brought within the exception to the general rule, and the court will set it aside.” And it was held that it was sufficient if this error was shown by clear and necessary inference. It was also said, however, that it was a settled principle governing this subject, and which ought never to be lost sight of, that all reasonable intendments and presumptions are indulged in to support awards. And, further, that the court possesses no general supervisory power over awards, and if arbitrators keep within their jurisdiction, their award will not be set aside because they have erred in judment either upon the facts or law. If courts should assume to re-judge the decision of arbitrators upon the merits, the value of this method of settling controversies would be destroyed, and an award, instead of being a final determination of a controversy, would become but one of the steps in its progress.
This review of the case referred .to is indulged in because the appellant relies mainly upon it in support of the appeal. It does not appear, however, that the arbitrators who concurred meant to do otherwise than they did.
The questions submitted were, as we have seen, whether an agreement was made with the plaintiff for a year; whether he was properly discharged if one had been thus made, and if improperly discharged, what compensation should be awarded. The subjects embraced in this investigation were examined. The parties and witnesses testified, and although we have not all the evidence given, it is quite apparent that great differences between the parties prevailed, and that there was not only conflict between them, but their witnesses, and on material matters. As the case is presented to us, it might be that we would hesitate to compensate the plaintiff as the arbitrators have done, although if we had all the evidence given we might do so. We do not now discover any reason for disturbing the judgment pronounced.
It is conceded by the learned counsel for the defendant that an award cannot be impeached but for corruption, partiality or gross misbehavior, and that even a mistake upon a doubtful point often will not open an award, and it is the settled law of the state that a liberal interpretation is *381 given to uphold an award, when it is not attacked for corruption or misconduct of the arbitrators. Curtis v. Gokey, 68 N. Y., 300. The tribunal in this and kindred cases is one selected by the parties, and the proceedings are conducted with less restriction than prevails in courts of justice.
Indeed, where an action is pending between the parties, and arbitration is adopted, it means a general diffuse examination, to be conducted and controlled by such views and recourses as business men adopt in the investigation of disputes. It is a domestic tribunal, and contradistinguished from a regularly organized court proceeding according to the course of the common law, and hence the rules which the latter tribunals have pronounced to guide them in reviewing what has been done. The liberal spirit which must predominate, except where corruption or misconduct is shown, is the controlling element. It is not deemed necessary, however, to consider this appeal further, inasmuch as for the reasons given, the order appealed from should be affirmed, with ten dollars costs and disburseménts.
Van Brunt and Daniels, JJ., concur.