| 82  | 19  |
| --- | --- |
| 132 | 557 |

J.  W.  ALFREE,  Appellee,  v.  L.  A.  GATES,  Appellant.

1.   **Contract:** SUNDAY LABOR : CONSTRUCTION. An agreement, whereby plaintiff was employed to go into another state to look after the sale of certain lands of the defendant, provided that the plaintiff should receive the sum of two dollars a day for every day consumed in said service, "Sundays and all." *Held*, that, in the absence of evidence that the parties intended to contract for labor on Sunday, the court would adopt an interpretation that would sustain the legality of the agreement.

2.   ——— : ——— : ———. Under such an agreement the employe is entitled to recover the agreed compensation for the Sundays spent in the employment as well as other days.

*Appeal from Jasper District Court.*—HON. D. RYAN, Judge.

WEDNESDAY, JANUARY 28, 1891.

ACTION to recover an amount alleged to be due for services rendered. There was a trial by the court, and a judgment for plaintiff for the amount claimed by him, with interest. The defendant appeals.—*Affirmed.*

*Alanson Clark,* for appellant.

*Meredith & Ogg* and *Clements & Ward,* for appellee.

ROBINSON, J.—On or about the eighteenth day of December, 1887, the plaintiff and defendant entered into a written agreement, of which the following is a copy :

"This contract made this —— day of December, 1887, between L. A. Gates and J. W. Alfree. J. W. Alfree is to go to Hempsted county, Arkansas, and honestly, industriously and faithfully look after the interests of L. A. Gates, and the sale of his land in that county, and personally go out and over the same, using his best judgment and discretion as to sales ; also, to do any and all business L. A. Gates may expect of him, such as looking up taxes, paying the same, examining and reporting records, etc., attending to and making and recording of all deeds, contracts, and generally to do all and anything that arises in the selling and looking after the land and the sales and contracts already made ; and as a compensation for such services L. A. Gates is to pay J. W. Alfree the sum of two dollars per day for every day consumed in said services, dating from the day he started from Newton until his return thereto, Sundays and all ; provided, of course, that the days lost from sickness or disability to work shall not be counted ; also all of said J. W. Alfree's legitimate expenses shall be paid by L. A. Gates, including railroad fare, hotel and livery bills, notary fees, and all expenses legitimately incurred in said business. Said J. W. Alfree shall go from Newton on said trip as early as January 15, 1888,

and as much sooner as he can get ready; and this contract shall last any way as long as the period of two months. As a very large discretion is given herein to J. W. Alfree, the best faith is expected of him, and honest, conscientious work, and his time faithfully put in.

"L. A. GATES,
"J. W. ALFREE."

The petition alleges that plaintiff entered upon the discharge of his duties under the agreement on the tenth day of January, 1888, and ceased work on the ninth day of March, 1888; that he was away from Newton from the first to and including the last-named date, and that the time specified was necessarily consumed by plaintiff in performing his duties under the agreement; that no labor was performed on Sunday; that he is entitled to compensation for fifty-nine days at two dollars per day; that his necessary expenses, amounting to one hundred and seventy-four dollars and sixty cents, have been paid by defendant, but that the compensation for his services is unpaid. He demands judgment for the amount due. The answer admits that nothing has been paid plaintiff for his services, but alleges that he failed to carry out the agreement on his part in good faith, that he made no sale of land, and that his services were of no value. It further alleges that the agreement is illegal and void, for the reason that it is entire and indivisible, and requires labor not of necessity or charity to be performed on Sunday; that nine Sundays are included in the time for which plaintiff seeks to recover; that no labor was performed on Sunday, and that no recovery therefor can be had.

I. The record submitted to us does not contain any of the evidence upon which the case was tried. We must presume, and it is admitted, that the evidence sustained the averments of the petition. Two questions are presented by appellant for our determination, the first of which is: "Was the contract illegal, as providing for labor on Sunday?" It will be observed that the contract does

1. CONTRACT: Sunday labor: construction.

not, in terms, require the performance of labor on Sunday, and the only reference to that day is contained in the provision in regard to compensation, which is as follows : "As compensation for such services L. A. Gates is to pay J. W. Alfree the sum of two dollars a day for every day consumed in said services, dating from the day he started from Newton until his return thereto, Sundays and all." It may be said that all days the plaintiff spent away from Newton to perform the duties required of him by the contract were consumed in discharging such duties, but a day so "consumed" would not necessarily be spent in labor. While it is possible that the parties to the agreement intended thereby that plaintiff should labor on Sunday, yet, in the absence of proof, we cannot presume that their intent was illegal. Where the language of an agreement will bear two interpretations, one of which would make the agreement valid, and the other invalid, in the absence of proof as to the intent it is the duty of the court to adopt that interpretation which will sustain the agreement as legal. *Curtis v. Gokey*, 68 N. Y. 304 ; *Lorillard v. Clyde*, 86 N. Y. 387 ; *Hunt v. Elliott*, 80 Ind. 249. We must presume that the agreement was intended only for legal purposes. That conclusion is warranted by the language used and the rules of construction, and requires us to hold that the agreement is valid.

II. The second question asked by appellant is as follows : "If the plaintiff is entitled to recover, is he entitled to recover compensation for Sundays included in the time he spent away from home ?" It was entirely competent for the parties to provide that, for the services required by the agreement, the compensation to be paid should be at the rate of two dollars per day for all days plaintiff was absent from home, including Sundays ; and that was all that was done in this case. It was a means adopted to ascertain the compensation plaintiff should receive for the days of labor he performed under the agreement. He did not labor on Sunday, and is not asking pay for

2. THE same.

anything he did on Sunday.    The principle in question is
similar to that involved in *Porter v. Sanderson*, 37 Wis.
41.    The defendant in that case had hired a steam wreck-
ing pump, for the agreed price of twenty dollars for each
day he kept it.    He retained it seven and one-half days,
including one Sunday, on which it was not used.    The
supreme court of Wisconsin held that the agreement did
not necessarily contemplate the use of the pump on Sun-
day, and that it was lawful to require pay for that day.
In our ópinion the plaintiff is entitled to recover for his
services two dollars for each day he was absent from
Newton to perform his part of the agreement including
Sundays.

The judgment of the district court is AFFIRMED.