The Green-Shrier Company, Appellant, v. State Realty and Mortgage Company, Respondent.

Arbitration — consideration — contract to convey real estate — when agreement postponing time of closing title and referring validity of title to third party may be enforced as an arbitration.

When a real controversy is submitted to arbitration it is mutual and based upon a sufficient consideration. The fact that it afterward appears that one of the parties derived no benefit therefrom does not permit it to repudiate the agreement upon the general ground of lack of consideration.

The parties to this action entered into a written agreement by which defendant contracted to convey to plaintiff certain lots of land at the time and on the terms therein set forth. Plaintiff on the execution of the contract paid defendant part of the purchase price. Prior to the date fixed for the conveyance a question arose as to the title to part of the premises and plaintiff refused to carry out the terms of the contract. The time to close the title was adjourned from time to time and on the adjourned day a memorandum was executed fixing a final date for closing the title and further providing that "In the event, however, title to said premises will not be insured by The Title Insurance Company of New York, then in that event the deposit paid hereon together with interest thereon from date of payment of same at the rate of 6 per cent to October 24th, 1907, be paid the vendee together with any costs of The Title Insurance Company of New York for the examination of the title and making survey." The Title Insurance Company refused to insure the title and this action was brought by plaintiff to recover the money paid by it and the expense of examination of the title. *Held*, that the contract of adjournment which made the Title Insurance Company the arbiter of the dispute was made for a valuable consideration; that the stipulation therein was in the interest of both parties and to settle a real controversy. It was a modification of the contract in the nature of an arbitration agreement and should be governed by the same rules governing such agreements.

*Green-Shrier Co.* v. *State Realty & Mortgage Co.*, 129 App. Div. 581, reversed.

(Argued May 9, 1910; decided June 7, 1910.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered

December 30, 1908, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles C. Suffren* for appellant. There was ample consideration for the stipulation entered into between the parties on September 27, 1907. (*O. P. R. R. Co.* v. *Forrest,* 128 N. Y. 83; *Rollins* v. *Marsh,* 128 Mass. 116; *Cutler* v. *Cochrane,* 116 Mass. 408; 1 Pars. on Cont. [9th ed.] 438; *Hoge* v. *Hoge,* 1 Watts, 216; *White* v. *Baxter,* 71 N. Y. 254.) The stipulation entered into between the parties on September twenty-seventh was both mutual and reciprocal. It released both parties from the contract in the event of the refusal of the title company to insure. (*Steinhardt* v. *Baker,* 25 App. Div. 197; 163 N. Y. 610; *Hamer* v. *Sidway,* 124 N. Y. 538; 1 Pars. on Cont. [9th ed.] 438; Wald's Pollock on Cont. [3d ed.] 448; *Scott* v. *Avery,* 5 H. L. Cas. 811; *Flanagan* v. *Fox,* 6 Misc. Rep. 132; 144 N. Y. 705; *Allen* v. *McKeon,* 127 App. Div. 277; *Downs* v. *Lehman,* 123 App. Div. 11; *Williams* v. *Bedford Bank,* 63 App. Div. 278; *Melville* v. *Kruse,* 174 N. Y. 306.) The Title Insurance Company of New York having refused to insure defendant's title plaintiff was entitled to the return of the deposit and expenses. (*Flanagan* v. *Fox,* 6 Misc. Rep. 132; 144 N. Y. 705; Maupin on Titles, 710; *Scudder* v. *Watt,* 98 App. Div. 228; *Allen* v. *McKeon,* 127 App. Div. 277; *Downs* v. *Lehman,* 123 App. Div. 11.)

*David B. Ogden* and *Philip S. Dean* for respondent. There was no evidence in the case to sustain the finding of fact that the stipulation of September 27, 1907, was made for a valuable consideration or for any consideration at all. (6 Am. & Eng. Ency. of Law [2d ed.], 678, 704; *Hamer* v. *Sidway,* 124 N. Y. 530; *Mulholland* v. *Bartlett,* 74 Ill. 58; *Bates* v. *Sandey,* 27 Ill. 552.) The contract, even though it had been executory, could not be modified without a new

consideration.   (*Vanderbilt* v. *Schreyer*, 91 N. Y. 392 ; *Casterton* v. *McIntyre*, 23 N. Y. Supp. 301.)

CHASE, J.   On March 1, 1907, the parties to this action entered into a written agreement by which the defendant contracted to sell to the plaintiff twenty-six lots of land for $39,000, to be paid as in the contract provided.   At the time of the execution of the contract and in pursuance thereof the plaintiff paid thereon $5,000 in cash.   The defendant agreed to deliver a deed to convey the absolute fee of the lots of land therein described free from all incumbrances at its office on or before September 3, 1907, at 12 M., upon receipt of the payments as in the contract provided.   Prior to September 3 the plaintiff was informed by the Title Insurance Company of New York, to which it had gone to have it examine the title to the lots and give to it a certificate guaranteeing the same, that some part of the lots was formerly covered by a certain road known as " Cowenhoven Lane," and that the defendant did not have title to so much of said premises as was so formerly covered by the southerly half of said lane, and because of said alleged defect in the defendant's title the plaintiff refused to accept a deed of said premises and carry out the terms of said contract.   At the request of the defendant the time to close the title was severally adjourned from September 3 to September 6, and from September 6 to September 13, and from September 13 to September 20, and from September 20 to September 27.   Each time the plaintiff demanded that the money paid by it should be returned, and each time the defendant requested an adjournment to enable it to satisfy the said title company that no part of said lots was ever covered by the southerly half of said lane.

The doubt existing in regard to the title of some part of the property included within the contract was apparently shared by both the plaintiff and the defendant.   The title was dependent not so much on a determination of a question of law as upon the determination of a question of fact, which was whether any part of the southerly half of such old lane

was within the bounds of the lands sought to be conveyed. The title company, acting for the plaintiff, insisted that the title was defective, and the Lawyers' Title Insurance Company, a title company acting for the defendant, insisted that the title was not defective. The controversy was primarily between the surveyors employed by the respective title companies. The uncertainty in regard to the title continued on September 27, and the plaintiff then insisted that the $5,000 paid by it, together with the expense of examining the title, should be returned to it. The defendant, through its officers in charge of the transaction, said that it would return the money but for the fact that the title had been previously examined and insured by the Lawyers' Title and Insurance Company mentioned, and that if it did return the money without consulting it the defendant could not hold such title company responsible under their contract with it. The representative of the plaintiff then stated that the only adjournment that the plaintiff would consent to granting was one as stated in a memorandum which was then dictated and written and which was signed by the plaintiff and the defendant in their corporate names respectively of which the following is a copy: " The time for closing title to the premises in the within contract is hereby adjourned to October 24, 1907, at 1 o'clock P. M., at the office of State Realty & Mortgage Company, 11 Pine street, New York City, closing to be as of October 24th, 1907. In the event, however, title to said premises will not be insured by The Title Insurance Company of New York, then in that event the deposit paid hereon together with interest thereon from date of payment of same at the rate of 6 per cent to October 24th, 1907, be paid the vendee together with any costs of The Title Insurance Company of New York for the examination of the title and making survey."

On October 24 the Title Insurance Company of New York would not insure the title of the property sought to be conveyed. This action was then brought to recover the $5,000 paid by the plaintiff with interest and the expense of examining the title. The court found that the contract of adjourn-

ment of September 27, 1907, was made for a valuable consideration between the plaintiff and the defendant. The court further found that the premises described in the contract of sale were owned by the defendant in fee simple absolute, subject only to a mortgage mentioned in the contract.

The only questions involved upon this appeal are whether there is any evidence to sustain the finding of fact that the stipulation and agreement of September 27, 1907, was made for a valuable consideration as against the defendant and whether the conclusion of law that the plaintiff is entitled to judgment is sustained by the findings of fact. The rights of the parties must be determined by construing the stipulation and agreement of September 27. The contract, as prepared and executed on March 1, 1907, was a mutual agreement complete and binding upon each of the parties thereto. The several adjournments of September 3, September 6, September 13 and September 20 left the contract complete and binding upon the parties except as to the time of closing. On September 27 the doubt, uncertainty and dispute as to whether the southerly half of Cowenhoven lane or any part of it was ever included in the land described in the contract still existed. The plaintiff was unwilling to take title to the property and pay the consideration as stated in the contract. The question was an abstruse and complicated one, and the defendant desired further time to clear it up and satisfy the plaintiff and the Title Insurance Company of New York that no part of Cowenhoven lane was ever included therein, and it was under such circumstances that the stipulation and agreement adjourning the day for closing the contract was agreed upon and executed. Both parties were acting in good faith and a real controversy existed. It is evident that the defendant was unwilling to stand on its legal rights. At least it did not do so, and the memorandum was executed at its request. If the title to the lots was not marketable, the defendant had contracted to sell the property upon terms that it could not fulfill. The attitude of the parties was such that litigation seemed inevitable. The plain-

tiff was willing to accept the judgment of the Title Insurance
Company of New York, and the defendant was satisfied of its
ability to convince such insurance company of the correctness
of the survey made by its surveyor.   It desired further time to
make more plain and certain that which was then doubtful and
uncertain.   The stipulation and agreement must be construed
in view of the circumstances and the knowledge of the parties
at that time.   So construed it was the intention of the parties
to modify and supplement the contract by postponing the time
of closing the same until October 24, and by making the Title
Insurance Company of New York the arbiter of the dispute.

If, as so modified, the Title Insurance Company of New
York refused to insure the title, then the payment made by
the plaintiff thereon, together with interest and the cost of
examining the title, must be returned to the plaintiff, and by
fair inference, if said insurance company decided to insure the
title, plaintiff must carry out its contract and accept the deed
regardless of the true state of the title.   Such stipulation and
agreement took the place of the provisions to sell and to pur-
chase as stated in the original contract.   In other respects
the original contract remained binding upon the parties
thereto.   The defendant was released from the obligation to
convey as well as the plaintiff from the obligation to take,
except as provided in the stipulation of adjournment.   The
stipulation and agreement was in the interest of both parties.
It was to settle a real controversy.   It was a modification of
the contract in the nature of an arbitration agreement and
should be governed by the same rules governing such agree-
ments.   When a real controversy is submitted to arbitration
it is mutual and based upon a sufficient consideration.   ( *Wood*
v. *Tunnicliff,* 74 N. Y. 38; *Curtis* v. *Gokey,* 68 N. Y. 300.)
The fact that it now appears that the adjournment did not
benefit the defendant does not affect the question under con-
sideration or permit it to repudiate its agreement upon the
general ground of a lack of consideration for signing the
same.   (*Hamer* v. *Sidway,* 124 N. Y. 538.)

The trial court was right in finding as a matter of fact

that the contract was based upon a sufficient and valuable consideration.

The order of the Appellate Division granting a new trial should be reversed and the judgment of the trial court affirmed, with costs in both courts.

HAIGHT, WERNER and HISCOCK, JJ., concur; CULLEN, Ch. J., and WILLARD BARTLETT, J., dissent.

Order reversed, etc.