MARTHA KORNBLUTH, Plaintiff, *v.* FLATBUSH THEATRE, Defendant.

Municipal Court of New York, Borough of Brooklyn, Sixth District,
December 14, 1933.

*Irving Lederman,* for the plaintiff.

*Philip F. Jacobs,* for the defendant.

SWEEDLER, J. When the case was called for trial, the court, in accordance with its usual practice, inquired of the parties whether they would be willing to submit their controversy for arbitration to Professor James P. Gifford, of the Columbia University Law School, who was then in court as the arbitrator for that day. The defendant, which was represented by counsel, and the plaintiff, who appeared in person, voluntarily agreed to do so, and thereupon entered into a written stipulation effectuating that purpose. A full hearing was then had, and Professor Gifford rendered an award in favor of the plaintiff in the sum of ten dollars. The defendant now moves to vacate the award as being contrary to law and against the weight of the evidence, and to set the case down for a new trial.

In view of our frightfully congested calendar, it is of utmost importance that the bench and bar should exert every effort to utilize other methods of administering justice in addition to our traditional contentious and drawn out procedure. Our courts are subjected to almost overwhelming pressure by an accumulated mass of litigation. In the year 1932 there were brought in the Municipal Courts a total of 839,202 cases. (Report of the Committee on Courts of Limited Jurisdiction of the New York City Bar Association, 1933.) This staggering volume of litigation has produced a condition which is seriously undermining public confidence in the administration of justice. There are many indications that the people are growing impatient with our delays and consequent costliness of litigation. Such a condition bears most heavily upon those who are least able to endure it, and is a vicious weapon in the hands of the unscrupulous. Judge CRANE, of our

Court of Appeals, has very forcefully warned us that our system of administering law is being challenged. "It is about time," he said, "that we lawyers and judges commenced to clean up and tried to find some remedy for the trouble. * * * What is the good of guaranteeing rights if there is no means of enforcing them? * * * A right needs a speedy means for enforcing it, and a wrong immediate power to overthrow it. Delay is the denial of the one and the encouragement of the other."

It was with this in mind that this court has for the past four years sponsored its plan of arbitration. The results have been most gratifying. Thousands of cases have been thus determined to the satisfaction of the parties concerned. The instant case is indeed a rare exception. Many able and distinguished members of the bar, who have contributed their valuable services as arbitrators, have urged this court to continue the work. Such encouragement prompts the hope that other judges will do likewise. Arbitration, under judicial guidance, is merely the releasing of additional forces which are in harmony with and in aid of justice according to law. As far back as 1877, the Court of Appeals expressed the view that it would be better if more of the controversies were settled by arbitration instead of the more formal method of litigation. (*Curtis* v. *Gokey*, 68 N. Y. 300, 305.)

Turning to the specific question in the case at bar, this court finds that there is no legal basis for setting aside the award. It is well settled that, "Where the merits of a controversy are referred to an arbitrator * * *, his determination, either as to the law or the facts, is final and conclusive, and a court will not open an award unless perverse misconstruction or positive misconduct upon the part of the arbitrator is plainly established. * * * The award of an arbitrator cannot be set aside for mere errors of judgment, either as to the law or the facts. If he * * * is not guilty of fraud, corruption or other misconduct, * * * it is unassailable, operates as a final and conclusive judgment, and however disappointing it may be the parties must abide by it." (*Matter of Wilkins*, 169 N. Y. 494, 496.) The moving papers do not set forth any of the necessary facts to justify the relief asked for. Motion should, therefore, be denied.