Chief Judge Desmond
(dissenting). I vote to affirm. No rule of law and certainly nothing in the equities of the case require us to reverse and to deny injunctive relief where it is so justly due. How can we — -and why should we — in order to deny the appropriate remedy, declare as matter of law that the transfer of the partnership business to plaintiff was not a sale? The parties called it a sale and it had all the essential elements of a sale. There was no proof contra at the trial and no one then questioned that it was a true sale of a business. Defendant’s present assertion that all this was pretense is gratuitous, unproven and newly offered, an effort to argue in this court what at most would be a question of fact.
*276 This was no mere contract of hiring. Plaintiff with two others set up and put into operation a new partnership business. After this new business got under way it was sold to plaintiff, a newly formed subsidiary of Associated Sales Analysts, Inc. True, the selling partnership had no physical assets — but what of it? Its good will and such actual or potential clientele and prospects as it had were salable in law and fact (like, for instance, a medical or dental practice, see 43 C. J. S., Injunctions, § 84, p. 570 and cases cited; and see Millet v. Slocum, 4 A D 2d 528, affd. 5 N Y 2d 734; Brett v. Ebel, 29 App. Div. 256). The reality of the sale is shown by the price paid to the vendors: employment contracts at substantial salaries and expenses plus all the vendee’s net profits for three years, the latter to be enhanced by a payment to the vendee by Associated of $20,000 cash and 20% of the gross profits of Associated. The purchasers paid through the nose to take over the former partnership because the latter’s real asset consisted of the services of defendant and his former partners. Associated and plaintiff paid so high a price for a newly organized business because that business included the services of defendant and the sale would have made little sense had it not included as an essential element a covenant of defendant not to compete with plaintiff in the New York City area during a two-year period following the end of his employment with plaintiff. To refuse to enforce that agreement by injunction and to allow defendant to organize a competing business is to deprive plaintiff of the most important thing it bargained for. Such a purchase should get more, surely not less, protection than the more usual kind of purchase and sale where the seller although not given a job by the buyer is required to stay out of competing activities for a period (Curtis v. Gokey, 68 N. Y. 300;. Wirth & Hamid Fair Booking v. Wirth, 265 N. Y. 214; see Clark Paper & Mfg. Co. v. Stenacher, 236 N. Y. 312, 320, 321). The latter kind of sale prevents a man from doing the work he is fitted for and deprives the community of his useful services. But here the agreement not only fixed a substantial price for the partnership business but hired defendant at a good salary besides. No public policy or public interest is offended by this restrictive covenant and no reason appears why it should not be enforced by the courts.
The order should be affirmed, with costs.
*277 Judges Van Vooriiis, Foster and Scileppi concur with Judge Fuld; Chief Judge Desmond dissents in an opinion in which Judges Dye and Burice concur.
Order reversed, etc.