DANIEL S. EVERETT, Plaintiff, *v.* FRED E. BROWN and Others, Defendants.

Supreme Court, Onondaga Special Term, February, 1923.

Arbitration — practice — when party in whose favor an arbitration award is made does not abandon proceeding by starting suit in equity — motion to confirm award granted.

While an arbitration partakes of the nature of a *quasi* judicial proceeding it is not such in a technical sense, and to require an arbitrator to follow the fixed rules of law in arriving at an award would operate to defeat the object of the arbitration.

Where arbitrators keep within their jurisdiction their award will not be set aside because they may have erred in judgment either upon the law or the facts.

The provision in section 1456 of the Civil Practice Act that the court must confirm an award of arbitrators unless the same is vacated, modified or corrected as prescribed by sections 1457 and 1458 of said act is mandatory and leaves no discretion to the court which is not clothed with supervisory powers over an award.

An arbitration agreement provided that no action at law or in equity should be brought by either party against the other until after the making and filing of the award and the hearing and determination of the motion to confirm the same. *Held*, that the commencement of an action in equity could in no way affect or terminate the arbitration proceedings, even assuming that such provision of the agreement was broad enough to prohibit the bringing of the action.

Plaintiff after the determination had been made in the arbitration proceeding to which he was a party commenced an action in equity and obtained a temporary injunction restraining defendant from selling and disposing of certain property which the arbitrators found should be left on the premises in question at the expiration of the lease. *Held*, that the bringing of the action was no indication that plaintiff had any idea of abandoning the arbitration nor did it constitute a revocation of that proceeding and a motion by plaintiff for an order confirming the award, pursuant to article 84 of the Civil Practice Act, and for judgment accordingly, must be granted.

If the action is broad enough to affect any of the issues covered by the arbitration agreement, the trial may be stayed under section 5 of the Arbitration Law.

MOTION by plaintiff for an order confirming an award of arbitrators chosen by the parties hereto, pursuant to the provisions of article 84 of the Civil Practice Act, and directing judgment in accordance with the terms thereof.

*Herbert A. Robinson*, for motion.

*Edward C. Ryan*, opposed.

EDGCOMB, J. Plaintiff moves to confirm an award of a board of arbitration appointed pursuant to an agreement entered into by the parties hereto. The motion is opposed by the defendants, upon the following grounds: (1) That the award is against the weight of evidence and contrary to the evidence; (2) that Adelbert N. Jones, one of the arbitrators, was incompetent to act because of partiality; (3) that plaintiff has abandoned the proceedings and waived his right to a confirmation of the award.

The settlement of disputes by arbitration has been recognized at common law for many years. A fixed and simple method of procedure in case of arbitration was later adopted by the legislature. These provisions were contained in the former Code of Civil Procedure, and have been retained in the Civil Practice Act without substantial change.

Section 1456 of the Civil Practice Act provides that at any time within one year after an award is made any party may apply to the court for an order of confirmation, and that the court must grant such an order unless the award is vacated, modified or corrected, as prescribed in the next two sections. Section 1457 provides that the court must make an order vacating the award upon the application of either party (1) where the award was procured by corruption, fraud or other undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; (4) where the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final and definite award upon the subject-matter submitted was not made. There is no other provision in article 84 of the Civil Practice Act, the article on arbitration, or in the Arbitration Law, chapter 72 of the Consolidated Laws, by which an award can be vacated.

Section 1458 of the Civil Practice Act applies only to the modification or correction of an award, and has no application here inasmuch as it is not sought to modify or correct this award in any particular.

It will be noted that the provision of the Civil Practice Act relating to the confirmation of an award is mandatory, and leaves no discretion to the court. It prescribes that the court must confirm the award, unless such award has been vacated, modified or corrected.

There is no provision authorizing the court to vacate an award because it is against the weight of evidence or because perchance there is no evidence to support it. The strict rules governing an action are not applicable to a proceeding of this nature. An arbitration, while it partakes of the nature of a *quasi* judicial proceeding, is not such a proceeding in a technical sense. It is a domestic tribunal as distinguished from a regularly organized court. The very existence of the tribunal depends upon the voluntary act of the disputants. They select their own judges. Its object and aim is to arrive at a just determination of the matters in dispute and finally dispose of the same in a speedy and inexpensive way, and thus avoid any future litigation between the parties. The arbitrators are usually laymen, inexperienced in the technical rules of law but usually possessed with a fund of common sense which enables them to do substantial justice between the parties. To require an arbitrator to follow the fixed rules of law in arriving at his award would operate to defeat the object of the proceeding. The proper court would still have to pass upon and decide the law and the facts as if no award had been made.

The court has no supervisory powers over an award. If the arbitrators keep within their jurisdiction, their award will not be set aside because they may have erred in judgment either upon the law or the facts. *Phillips* v. *Rouss,* 7 N. Y. St. Repr. 378; affd., 118 N. Y. 680; *Fudickar* v. *Guardian Mutual Life Ins. Co.,* 62 id. 392, 399; *Matter of Burke,* 191 id. 437, 440; *Masury* v. *Whiton,* 111 id. 679; *Burchell* v. *Marsh,* 17 How. (U. S.) 344; *Stone* v. *Baldwin,* 127 Ill. App. 563.

Andrews, J., says in *Fudickar* v. *Guardian Mutual Life Ins. Co., supra,* at page 400: " The courts in this State have adhered with great steadiness to the general rule that awards will not be opened for errors of law or fact on the part of the arbitrator."

When the evidence is closed the arbitrators are the sole judges of its weight and what decision should be made, and are free to adopt such a course as they deem best adapted to bring about a just decision of the matters in controversy. If their decision is against the weight of evidence, or if perchance there is no evidence in the record to support it, it may still be founded upon the principles of equity and good conscience, and the court is powerless to review the action of the arbitrators on a motion to confirm their award.

The claim of partiality on the part of Arbitrator Jones is based upon the fact that he made an affidavit in the action hereinafter referred to which is pending between the parties, and in which a temporary injunction has been issued.

The affidavit complained of contains no expressions or allegations which show any bias or prejudice on his part or any hostile feeling towards the defendants. The award was made on December 19, 1922, on which day Mr. Jones' duties as an appraiser ended. The affidavit was verified December 24, 1922, and sets forth certain things which he had observed when he visited the farm as an arbitrator and certain things which he had heard said by one of the defendants.

There is no suggestion that Mr. Jones had any personal interest in the subject-matter in dispute nor is there any intimation of fraud or corruption on his part, nor of any misconduct or impropriety while he was acting in his official position.

It is true that one of the first requisites of an arbitrator is that he possess judicial impartiality and that he be free from bias. It has been held, however, that when an arbitrator had previously formed and expressed an opinion upon the matter submitted to him, such fact did not necessarily constitute a ground for setting aside the award. *Graves* v. *Fisher*, 5 Maine, 69; *Morville* v. *American Tract Society*, 123 Mass. 129.

The partiality of an arbitrator must be clearly shown before the court will set aside his award for that reason. The burden of showing partiality rests on the party making the charge. Defendants have not, in my opinion, sustained their charge. The making of this affidavit some days after the award does not show Mr. Jones to have been an objectionable arbitrator while he was acting as such.

Defendant's third objection, that plaintiff has abandoned the proceedings and waived his right to a confirmation of the award, is based upon the fact that after the decision was made plaintiff commenced an action in equity and obtained a temporary injunction restraining the defendants from selling and disposing of certain property which the arbitrators found should be left on the premises at the expiration of the lease. The arbitration agreement provided that no action at law or equity should be brought by either party against the other until after the making and filing of the award and the hearing and determination of a motion to confirm the same. Assuming, but not holding, that this clause in the arbitration agreement is broad enough to prohibit the bringing of the equity action, the commencement of such action can in no way affect or terminate the arbitration proceeding. If the action is broad enough to affect any of the issues covered by the arbitration agreement, the trial of the action can be stayed until the termination of the arbitration proceedings. Arbitration Law, § 5; Consol. Laws, chap. 72. But there is no provision which

affects the arbitration agreement because of the commencement of an action between the parties during its pendency. The Arbitration Law has taken care of that situation by providing for stopping the action until the termination of the other proceeding.

Before 1920 the Code of Civil Procedure (§ 2383) provided that a submission to arbitration could not be revoked by either party after the allegations and proofs of the parties had been closed and the matter submitted to the arbitrators for their decision. That section was repealed by section 7 of the Arbitration Law. Under the common law neither party could revoke its agreement to arbitrate after the final award had been made without the consent of the other. Section 2 of the Arbitration Law provides that a contract to settle a controversy by arbitration shall be irrevocable save upon such grounds as exist at law or in equity for the revocation of any contract.

A violation of the terms of an agreement does not constitute an abandonment of the contract. To constitute a revocation the instrument or declaration relied upon must clearly show such intention. The bringing of this action is no indication that plaintiff had any idea of abandoning the arbitration and does not constitute a revocation of that proceeding. *New York Lumber & W. W. Co.* v. *Schneider*, 15 Daly, 15.

For the above reasons, and invoking the rule that a liberal interpretation should be given to uphold an award when it is free from corruption or misconduct of the arbitrators (*Curtis* v. *Gokey*, 68 N. Y. 300), I can see no escape from confirming the award and ordering judgment to be entered accordingly.

So ordered.

Ordered accordingly.