Felix C. Benvenga, J.
This is a motion to compel arbitration and for a stay of proceedings pending arbitration of an action instituted by respondent in the Municipal Court.
The principal question is whether this court has jurisdiction of the subject matter of this proceeding. The contention to the contrary is based on the fact that the charter party here involved is a maritime contract, and, as such, within the exclusive jurisdiction of the Federal courts.
That the contract was entered into is not disputed. It was made in this State, and provides for arbitration “in the City of New York” of “any dispute or difference” which shall arise thereunder.
As for the parties to the contract, the petitioner, though a foreign corporation, has its principal place of business in the *905 City of New York, and, having obtained a certificate of authority, is authorized to maintain an action upon any contract made in this State (General Corporation Law, § 218). The respondent, apparently, is a domestic corporation with its principal place of business also in the City of New York. Although it opposes arbitration, it has nevertheless brought an action in the Municipal Court on the contract here involved.
The making of a contract in this State (as in the instant case) is “ deemed ” a consent of the parties to the jurisdiction of this court to enforce such contract and to enter judgment on an award thereon (Civ. Prac. Act, § 1450; Matter of Liberty Country Wear [Riordan Fabrics Co.], 197 Misc. 581, 585-586). And where an action has been brought on the contract (as has here been done), this court is authorized to stay aE proceedings in the action until arbitration has been had in accordance with the terms of the contract (Civ. Prac. Act, § 1451; American Reserve Ins. Co. v. China Ins. Co., 297 N. Y. 322, 326-327). Assuming, as respondent contends, that an action for the aEeged breach of the charter party is within the exclusive jurisdiction of the Federal courts, and not, as petitioner insists, an action over which the State courts have concurrent jurisdiction with the Federal courts (see 1 Carmody, New York Practice, § 129), that circumstance would not prevent this court from assuming jurisdiction of a proceeding to enforce an arbitration clause contained in the contract.
There is a distinction between jurisdiction of an action and jurisdiction of a special proceeding; a court may not have jurisdiction of an action for breach of a maritime contract, and yet have jurisdiction of a proceeding to enforce arbitration of a dispute arising under such a contract; for arbitration is merely a form of procedure whereby differences may be settled (Matter of Berkovitz v. Arbib & Houlberg, 230 N. Y. 261, 270); it is a “ special proceeding ” of which the court specified in the contract, or if none be specified (as in the instant case), the Supreme Court for the county in which one of the parties resides or is doing business, has jurisdiction (Civ. Prac. Act, § 1459). Therefore, as the contract was made in this State and provides for arbitration in the City of New York, this court clearly is authorized jurisdiction to enforce arbitration of the controversy; for arbitration “ deals merely with the remedy in the state courts in respect of obligations voluntarily assumed and lawfuEy incurred ”, and “ does not attempt either to modify the substantial maritime law or to deal with the remedy in the courts of admiralty” (Red Cross Line v. Atlantic Fruit Co., *906 264 U. S. 109, 124; Christensen v. Morse Dry Dock & Repair Co., 216 App. Div. 274, 284-286, appeal dismissed 243 N. Y. 587; 10 Carmody, New York Practice, § 1126).
The principle of these cases was recently applied in Matter of Tugee Laces (Mary Muffet, Inc.) (297 N. Y. 914, affg. 273 App. Div. 756). It was there held that, although a foreign corporation may be prohibited from maintaining an action upon any contract made by it, it may nevertheless institute a proceeding to enforce arbitration; for such a proceeding is a “ special proceeding ” whereby differences may be settled, and not an action for damages for breach of contract; that the statute (General Corporation Law, § 218) merely bars an action On the contract, and not an arbitration or other special proceeding. Hence, even assuming that our courts are without jurisdiction of an action on the charter party, nevertheless it has authority, in a proper case, to enforce arbitration of a controversy between the parties to the contract.
The remaining questions do not require discussion. The dispute or difference between the parties is within the scope of the arbitration clause. The fact that there is a dispute or difference between one of the parties and a third party, who performed or agreed to perform the Contract, does not bar arbitration between the parties to the contract (Matter of Jacoby, 33 N. Y. S. 2d 621; 3 Am. Jur., Arbitration and Award, p. 878, § 47).
The motion is in all respects granted.