Matthew M. Levy, J.
Petitioners move for confirmation of an arbitration award requiring certain payment to the Amalgamated Cotton Garment and Allied Industries Insurance Fund. Respondent — “Jacob Simon, individually and d/b/a Victory Apparel Company” — challenges the existence of any contractual relationship with the Amalgamated Clothing Workers of America, under which such payment may be compelled. The challenge is at once untimely and baseless.
There is no dispute as to the writings involved, and that they provide for arbitration. The issue raised is as to whether the named respondent is the contracting party with the union. In the circumstances of this case, it is too late to present that issue. The-petitioners’ demand for arbitration complied with subdivision 2 of section 1458 of the Civil Practice Act, and no contest was tendered by respondent prior to the arbitration proceedings. Participation by respondent in the proceedings before the arbitrator effectuated a waiver by respondent of any claim of absence of contract between the parties. (Harris v. East India Trading Co., 144 N. Y. S. 2d 894, 897-898.)
Moreover, the contract does not disclose, as respondent contends, that a corporation — as distinguished from respondent *371 personally — was necessarily the contracting party. The first contract (1946) was signed ‘ 1 Victory App. Co. by Jacob Simon ’ ’. In 1947, the signature was 1 ‘ Victory Apparel by Jacob Simon”. In 1955, the contract was signed “Victory Apparel by Jacob Simon Pres.” The signature was nonetheless the respondent’s, although he added the descriptio personae of “ Pres.” after his name. (Barker v. Mechanic Fire Ins. Co., 3 Wend. 94, 98-99; Buffalo Catholic Inst. v. Bitter, 87 N. Y. 250, 255-256.) That checks were subsequently made by “Victory Apparel Manufacturing Corporation, Jacob Simon, Authorized signature ” and delivered to the fund or that there were later communications from the cashier and auditor of the fund addressed to ‘ ‘ Victory Apparel Mfg Co. ” or “ Victory Apparel Mfg Corp ” does not change the identity of the contracting party.
Nor does the contract require that the arbitrator ignore the facts and the equities and hold respondent immune from liability for the payments due the fund under the contract, because respondent chose to conduct his business under the names of the several ‘1 Victory Apparel ’ ’ concerns which he owned or controlled or in which he was a participant. The award of the arbitrator in that respect is conclusive, despite any assumed error of fact or law. (Matter of Nadalen Full Fashion Knitting Mills [Barbizon Knitwear Corp.], 206 Misc. 757, 758.)
The motion is granted. Settle order.