Jacob Markowitz, J.
Motion No. 55 of even date is consolidated with, 'the instant motion and disposed of as follows:
Petitioner moves, pursuant to sections 1450 and 1452 of the Civil Practice Act, to compel respondent to proceed to arbitration of the subject of their dispute. Respondent cross-moves to vacate service of the order to show cause upon the ground that this court does not have jurisdiction over the person of the respondent or over the subject matter involved, and, further, that service of the order to show Cause was improperly made. Respondent asserts that it is appearing specially for the purposes of the cross motion.
The proceeding 'arises out of a written charter party between the parties. It contains a provision which reads as follows: M Arbitration, if any, to be held in New York, New York.” A dispute having arisen, the petitioner demanded arbitration by letters to Polar Steamship' Corporation, agents for Polar Cia De Navegación, Ltda., Panama, c/o T. J. Krever & Company, Inc., 17 Battery Place, New York 4, N. Y. To this demand the *303 respondent agreed by letter from. George E. Cohee, Sr., Polar Steamship Corporation, 25 Broadway, N. Y., 4, N. Y., which letterhead also stated ‘ ‘ representing Polar Cia De Navegación Ltda Panama E. P.”. The said letter designated respondent’s arbitrator and advised petitioner of the attorneys who would represent respondent at the arbitration hearing. The petitioner also designated its arbitrator and these two then selected a third arbitrator.
At a hearing on May 28, 1958, the three arbitrators were present. Mr. Cohee, Sr., and his attorney, on behalf of the respondent, were 'also present. Before any evidence could be taken, certain objections to 'the arbitration were raised by Mr. Cohee. He refused to proceed and withdrew from the arbitration. Thereupon respondent’s appointed arbitrator resigned. Petitioner thereafter instituted the instant proceeding to compel arbitration.
Under section 1450 of the Civil Practice Act the making of the contract ‘ ‘ providing for arbitration in this state, shall be deemed a consent of the parties thereto to the jurisdiction of the supreme court of this state ”. Bespondent asserts that there is no jurisdiction over the subject matter herein under said section because the phrase “ if 'any ” in the arbitration clause 24 of the charter party contract does not constitute clear and unequivocal mutual promises to submit to arbitration and is accordingly unenforcible. This contention is without merit in view of the express provision in the contract relative to arbitration and respondent’s conduct in designating an arbitrator and attending the hearing. Under these circumstances the respondent cannot now question the validity of the arbitration clause and is estopped from raising the jurisdictional issue as to the subject matter (Matter of Harris v. East India Trading Co., 144 N. Y. S. 2d 894; Civ. Prac. Act, § 1458). The fact that the subject matter of the arbitration is a dispute arising out of a maritime charter party contract does not oust the State court of jurisdiction over a special proceeding to enforce an arbitration clause contained in a contract (Matter of Stevenson & Co. [Int. Coal Corp.], 15 Misc 2d 904).
Bespondent’s further contention that this court has not obtained jurisdiction over the person of Polar Cia De Navegación Ltda. by virtue of improper 'and invalid service of the order to show cause is likewise without merit. The service of the petition and show cause order herein was directed by the court to be made upon Polar Steamship Corporation at 25 Broadway, New York City, and Messrs. Pyne, Brush, Smith & *304 Michels en, at 116 John Street, New York City. The service was ■so made and was proper, under section 1450 of the Civil Practice Act. The service on George E. Cohee, Sr., at the office of Polar Steamship Corporation at 25 Broadway, New York City, was proper notice to the said corporation. On the papers before me it is clear that said George E. Cohee, Sr., was a person having such a responsible and representative relation to the corporation as to lead to a just presumption that notice to him was notice to the corporation. Accordingly, the term “ managing agent ” as used in subdivision 8 of section 228 of the Civil Practice Act encompasses service on such a person as George E. Cohee, Sr. Moreover, independently of whether or not Polar Steamship Corporation was the domestic agent of respondent, the papers show that by conduct and otherwise George E. Cohee, Sr., was a “ managing agent ” of respondent, Polar Cia De Navegación, Ltda., as that term is used under section 228 of the Civil Practice Act, and service on the respondent, a foreign corporation, may be made on a managing agent where an officer cannot be found within the State (Civ. Prac. Act, § 229, subd. 3). Respondent received additional notice of the commencement of these proceedings by service on the attorneys who had appeared for it in the arbitration proceeding. Under all the circumstances, as stated in the papers, due processes of law were not violated, as claimed by the respondent.
In the light of the foregoing, the motion to compel arbitration is granted and respondent is directed to proceed accordingly and designate an arbitrator. The cross motion to vacate the service of the order to show cause is denied.
Settle order.