Joseph A. Gavagah, J.
Motion to confirm the arbitrators’ award, and cross motion to vacate the award, or in the alternative to modify the amount of fee awarded to arbitrators, and that part of the award which cancels a surety bond filed by the petitioner.
Respondents’ objection to the award is based on the claim that the arbitrators, through subterfuge, failed to consider the claim of respondent Winkler, the assignee of Ocean Trading Corporation, and that the misconduct of the arbitrators was so evident and continuous that Winkler was deprived of a fair and just hearing, and as a result the arbitrators did not faithfully and fairly hear and determine the matters in controversy and did not make a just award according to the best of their understanding.
The award was given by a two-to-one vote. The reasonings for arriving at the respective decisions are stated in the report of the arbitrators submitted with the moving papers.
Questions of law and of fact are solely for the arbitrators (Matter of Wilkins, 169 N. Y. 494). Unless it is clearly shown on the face of the award that the arbitrators intended to follow a particular legal proposition but reached a patently erroneous conclusion as to the effect of such legal proposition, the questions of error cannot be considered. This is one of the risks assumed by the parties in agreeing to have their disputes determined by arbitration (Matter of Wilkins, supra ; Fudickar v. Guardian Mut. Life Ins. Co., 62 N. Y. 392). The burden of showing partiality or misconduct rests on the party making the charge (Everett v. Brown, 120 Misc. 349). The respondent Winkler has failed to sustain this burden.
The second objection that the award rendered on November 9, 1961 signed by the arbitrators but not acknowledged is without moment since the omission was subsequently coz’rected on November 16, 1961 (Matter of Verley Bldg. Corp. [Gertner], 264 App. Div. 885).
The third phase of the objection relates to the fees awarded by the arbitrators to themselves.
*873 Respondent Winkler contends that since there was no agreement under which the arbitrators could set their own fees, they are limited to section 1545 of the Civil Practice Act as referred to in section 1457 of the Civil Practice Act.
No direct agreement was made by the parties although the petitioner states that it was its understanding that the participating counsel had agreed that the fees of the arbitrators would be set by themselves.
However, in the absence of evidence of such agreement, the court will set the fees in accordance with sections 1457 and 1545 of the Civil Practice Act. Such sections do not limit the fee to the sum of $25 for each day or any portion thereof. In Matter of Dubinshy v. Love (295 N. Y. 968) the Court of Appeals considered a similar question and stated that the court could allow a different rate. Accordingly, the court will fix the fees and expenses of the arbitrators at $3,000 ($1,000 to each arbitrator) to be paid in accordance with the terms set forth in the award.
The last phase of the award refers to the surety bond posted by Terminal and cancellation thereof by the award. Respondent claims this direction is improper and without authority on the part of the arbitrators and outside of the submitted issues in this arbitration.
In Matter of Terminal Auxiliar Maritima, S. A. (Winkler Credit Corp.) (6 N Y 2d 294, 300) the court stated that “ there can be no possible doubt that the bond furnished by Terminal is to be read to cover any arbitral award in Winkler’s favor.”
Since the bond was included in the arbitration matter, reference to it in the award comes within the scope of the arbitration matter.
From all of the above, the award is modified as to the arbitrators’ fee to the extent of reducing the fees to $3,000, and as modified is confirmed in all respects. The cross motion is denied.