Frank Del Veochio, J.
This is a motion to confirm and enter judgment upon an arbitration award of $7,500 made in favor of the movant Steinitz against the Motor Vehicle Accident Indemnification Corporation (MVAIC). The award resulted from an auto accident occurring December 12,1959 involving the insured vehicle of movant and a vehicle operated by one James D. Strader, who was not insured and for whose negligence MVAIC *229 is responsible to the extent of $10,000-$20,000 coverage. The corporation made a cross motion to stay the collection of any judgment entered upon the award until final determination of three actions then pending in Supreme Court, Oswego County, which arose out of the same accident. Both Steinitz and Strader are named defendants in these actions.
After argument but before decision of these motions, the plaintiffs in the Oswego County actions secured a show cause order bringing on a motion for a stay of proceedings concerning the arbitration award and permitting them to intervene and reargue the original motion for confirmation. It appears from the papers submitted on the motion for intervention that the pending actions were by two passengers in the Strader car and the representative of a deceased passenger and that they were scheduled to be tried in February. The motion by the passengers for intervention was referred to this court by the Justice at Special Term for Motions and, to the end that all parties having an interest in the dispute might be heard, was granted.
Before the rearguments of the awardee, MVAIC and the passenger plaintiffs were heard, the pending actions were tried and judgments were entered in favor of each of the three plaintiffs against both defendants for the sums of $50,138.50, $8,148.80 and $1,118.50. Counsel for those plaintiffs now argues that the time to appeal from these judgments has not expired, that he had been informed that the defendant Steinitz may take an appeal and that, if on appeal the complaints are dismissed against him, the plaintiffs would have to resort to MYAIC for payment and, if Steinitz is permitted to collect his award of $7,500 at this time, the MYAIC funds would be reduced to $12,500 for the plaintiffs, thereby making it unequitable and unjust.
This court is of the opinion that the motion to confirm the award and for entry of judgment should be granted. The cross motion to stay enforcement or collection thereof should be denied.
Section 1461 of the Civil Practice Act is a mandatory provision for confirmation of arbitration awards excepting only in certain circumstances, none of which are applicable here. (Matter of Burke, 191 N. Y. 437; Everett v. Brown, 120 Misc. 349, 350.) In fact, MYAIC does not seriously question the propriety of the entry of judgment but seeks only to stay enforcement or execution thereof.
The purpose of the new article 17-A of the Insurance Law is to fill the gap in the Motor Vehicle Financial Seeurtiy Act by securing to innocent victims of motor vehicle accidents recom *230 pense for the injury or financial loss inflicted upon them through no fault of their own. (Insurance Law, § 600.)
These victims fall into two groups: (1) insured and (2) qualified persons. An “ insured person ” is a New York State resident who either owns an insured motor vehicle or qualifies as an insured under the omnibus clause in the insurance policy. A “ qualified person” is a New York State resident who does not own an insured vehicle or who does not qualify as an insured under the omnibus clause.
The procedure by which these victims may present their claims to MVAIC for payment are not the same. The insured person proceeds to recover under the MVAIC indorsement required by subdivision 2-a of section 167 of the Insurance Law on the policy issued to him for which he paid a premium. By the provisions of this indorsement if any person making a claim and MVAIC do not agree upon settlement, upon written demand his claim must be settled by arbitration in accordance with the Buies of the American Arbitration Association and each agrees to be bound by any award made by the arbitrators. The arbitration provisions of the indorsement apply to all issues of fact and law pertaining to legal liability. (Motor Vehicle Acc. Ind. Carp. v. Velez, 14 A D 2d 276.) The 11 qualified person ”, on the other hand, if unable to agree on settlement must successfully prosecute an action to judgment before he is entitled to assert a claim against MVAIC. (Insurance Law, §§ 610, 613.)
The movant is an insured person whereas the plaintiffs are qualified persons.
There is no provision in sections 600 to 626 of the Insurance Law (establishing MVAIC) which authorizes the granting of a stay of execution on a judgment procured by arbitration. Counsel for the corporation and for the passenger plaintiffs have failed to point out any cases decided in this State which have granted such a stay. In these circumstances this court feels itself unable to read into the statute the necessary enabling authority to grant the relief requested.
It is the opinion of the court that the argument in favor of a stay, set forth above, should properly be directed to the Legislature which has the power to enact the necessary legislation and to state the circumstances when and the terms and conditions upon which a stay may be granted. It may be that it was the intention of the Legislature in enacting the MVAIC act to provide for prorata participation in total coverage by multiple claimants and that a proportionate distribution of MVAIC funds is necessary to effectuate that purpose. If this *231 is so, it may be provided by appropriate statutory enactment. (It might be noted that no such “ equal sharing ” principle has been enacted for persons injured through the negligence of a driver who is insured.)
Furthermore, a number of questions exist for which the Legislature should provide the answers if a stay of execution is to be an available procedure to claimants against MVAIC. Under what specific circumstances should a stay be granted? Is it necessary that another action by a prospective claimant be pending, arising out of the same accident? If no action has been commenced, should the stay nevertheless be granted and continued in effect until the Statute of Limitations has barred the commencement of any other action? If an action has been tried and a judgment either in favor of or adverse to a prospective claimant has been rendered, should the stay be continued until the time for filing notice of appeal has expired or, in the event notice is filed, should it continue until determination of the appeal? What of subsequent appeals?
These and other problems indicate the necessity for legislative, rather than judicial, creation of the right to stay execution of judgments secured against MVAIC, if such a right is to come into being.
Moreover, although plaintiffs may have taken the necessary steps required by section 608 of the Insurance Law to protect their rights against MVAIC, no application for payment of these judgments may be made until it is finally determined whether or not the insured codefendant is liable. (Insurance Law, §§ 610, 611.) It is possible that these judgments may ultimately be paid in full by the insurance carrier insuring Steinitz’ vehicle and plaintiffs may never make an application for payment by MVAIC. Steinitz disposed of his claim in accordance with the provisions of his policy in a speedy way by arbitration, a proceeding designed to dispose finally of a dispute and to avoid future litigation between the parties. Accordingly, he should not be enjoined from collecting his award in the absence of a statute clearly permitting the courts to grant a stay.
The motion to confirm the award of $7,500 to Gerard Steinitz against MVAIC and for entry of judgment thereon is granted ; the cross motion to stay collection or execution of such judgment is denied.