Jacob J. Sohwaetzwald, J.
Petitioner moves for an order vacating and setting aside an award of arbitration upon the following grounds:
(1) There is no contract pursuant to which arbitration could be held;
(2) There was evident partiality on the part of at least two of the arbitrators;
(3) The arbitrators exceeded their powers;
(4) The petitioner was not afforded the same rights as the respondent;
(5) The award of the arbitrators changed the terms and conditions of the proposed purchase and sale.
The respondent cross-moves to confirm the award of the arbitrators and for a direction for the entry of a judgment thereon.
Certain disputes arose between the petitioner and respondent with respect to the purchase by petitioner from respondent of 100,000 pounds of Oregon Italian Prunes. On August 31, 1962 *211 petitioner was advised that the matter would he submitted to arbitration in the event petitioner failed to accept the balance of the order by September 7, 1962. The date was extended to September 12 and then to September 14. On September 19 arbitration was demanded by the respondent through the Association of Food Distributors, Inc. (hereinafter called “ Association ”) in accordance with the arbitration clause contained in the “ bought and sold note” dated October 20, 1961, which covered the purchase of the prunes by petitioner from respondent and in regard to the failure of petitioner to accept 59,500 pounds of prunes. The arbitration clause reads as follows:
11 Any disputes arising from this contract are to be settled by arbitration in New York in accordance with the rules of the Association of Food Distributors, Inc.
* ‘ Each party shall be deemed to have consented that any papers, notices or process necessary or proper for the institution or continuation of an arbitration proceeding or for the confirmation of an award and entry of judgment on an award made thereunder, including appeals in connection therewith, may be served upon such party (a) by mail addressed to such party’s last known address or (b) by personal service within or without the state wherein the arbitration is to be held, or within or without the limits of the jurisdiction of the Court having jurisdiction in the premises (whether such party be within or without the United States of America) or (c) where a party to a controversy is not located in the City of New York, by mail or personally, as provided in (a) and (b) hereof, upon his agent or broker through whom this contract is made.”
A notice of arbitration which set September 27, 1962 as the time of arbitration was sent by the Association to petitioner and respondent on September 19, 1962 by registered mail, return receipt requested. The letter, however, was not picked up by petitioner although more than one notice was placed in petitioner’s post-office box by the post office that there was a registered letter for it. On September 27, 1962, when the arbitration convened, no representative of petitioner was present. Thereupon the assistant secretary of the Association telephoned petitioner’s president (hereinafter called “ petitioner ”) and asked him whether or not he knew of the arbitration scheduled for that day. Upon being informed that there was no knowledge of any arbitration proceeding, the assistant secretary further asked petitioner whether or not he would attend on that day and if not, what date during the following week would be convenient for him. It is alleged that the petitioner refused to come to the arbitration or agree to another date for the hearing and in view *212 thereof, the arbitrators decided to commence the proceeding, subscribe to their oath of office, and requested respondent to begin presenting its case. Shortly after the commencement of the arbitration, the attorney for the petitioner telephoned and asked the arbitration board to adjourn the hearing until October 2,1962, which it then did.
On October 2 the arbitration reconvened with all parties present. The chairman of the arbitrators required the respondent to present its entire proof, including that which was presented at the original session, so that petitioner would have an opportunity to be heard on any portion thereof which it disputed.
The petitioner asserts that he and his attorney when they attended the arbitration on October 2 appeared only for the purpose of challenging the jurisdiction of the arbitration board. It appears, however, that the petitioner also participated in the merits of the arbitration proceeding. This is evident from the following averments in petitioner’s affidavit:
‘‘ They [respondent] claim, that the words 1 as wanted to 3/1/62 ’ only took on meaning if the buyer gave instructions for shipment. If, however, the buyer did not give instructions for shipment then the words ‘ as wanted to 3/1/62 ’ had no meaning whatever. At the arbitration hearing it was shown [by petitioner] that Mr. Vakiener [respondent’s representative] was given instructions which Mr. Vakiener who was present, shrugged his shoulders and upon being asked said he cannot remember. He conveniently remembered many things but not the appearance at the place of business of Duskin Sales, Inc., and the conversations with regard to the shipment. * * *
“ Mr. Vakiener at the -arbitration stated he came to the office of Duskin Sales, Inc. in the latter part of June but does not remember the conversation. Tour deponent tried to refresh his memory by stating to the arbitrators that Mr. Vakiener was asked if Rosenberg Bros, accepted the change made in the letter of February 19th and when shipment of the additional amounts as per the changes could be made.”
The petitioner, having participated in the arbitration proceeding, may not now question the existence of the contract between the parties and is estopped from raising the jurisdictional issue as to the subject matter (Matter of Harris [East India Trading Co.], 16 Misc 2d 87; Matter of Smith [Polar Navegacion Ltda.], 15 Misc 2d 301; Matter of Roscoe [Simon], 12 Misc 2d 370; Matter of National Cash Register [Wilson], 7 A D 2d 550).
The petitioner’s assertions that the arbitrators were arbitrary and unfair are conclusory and no facts are present to form & valid basis for such claims. In the absence of convincing evi *213 dence which clearly establishes misconduct on the part of the arbitrators, or cogent proof of the existence of the grounds for vacation prescribed by section 1462 of the Civil Practice Act, the court must enforce the award (Everett v. Brown, 120 Misc. 349; Matter of Big-W Constr. Corp. [Horowitz], 24 Misc 2d 145, 156, affd. 14 A D 2d 817). The further assertion that the petitioner was not afforded the same rights as the respondent is not sustained by any evidence. In fact, it is revealed that petitioner was allowed privileges which were lost to him by virtue of his actions. Under rule 5 of section VTI of the arbitration rules of the Association, a hearing may proceed in the absence of either party if, by his own fault and after due notice as provided under section V, he fails to be present or fails to obtain an adjournment. Under section V the notice required to be given for a hearing is “ by telephone, telegraph, cable or by mail to the parties five days prior to the time fixed for the hearing.” Such notice had been given to the petitioner. The latter, although he failed to appear pursuant to the notice and refused to appear, after telephonic advice by the Association and although the proceeding was thereafter commenced under rule 5 of section VII, was given the privilege thereafter to hear and examine the respondent on the entire proof, including that which was presented at the original session, and to be heard on any matter which it disputed.
The petitioner also contends that he was not given the right to challenge the arbitrators as provided under the rules of the Association. Although there is great dispute between the parties whether or not petitioner attempted to exercise any challenge, it appears in any event that petitioner’s right thereto was lost for failure to appear at the commencement of the proceeding, that having been the time for it to exercise any challenges allowed under the rules of the Association.
The final contention of the petitioner is that the award of the arbitrators exceeded their powers in that they changed the terms and conditions of the proposed purchase and sale. Petitioner shows not any basis for such conclusion nor can any be found upon independent study. The motion to disaffirm the award is denied and the cross motion is granted.