Arnold L. Fein, J.
This motion by petitioner, Darlington Fabrics Corporation (Darlington), to stay arbitration is denied. Aqua Free Products, Inc., a New York corporation, was a manufacturer of patented swimsuits for wear in competition swimming, which required fabric that would withstand the chemicals used in swimming pools. Darlington manufactured such special fabrics. Upon receipt of orders for the fabrics, Darlington issued confirmations, containing an arbitration clause, to Aqua Free Corp. and shipped and billed the goods in the same manner. Aqua Free Corp., in August, 1972, served a notice of intention to arbitrate its claim for damages for defective fabric. Darling-ton interposed an answer and counterclaim. For more than a year the parties engaged in preparation for an arbitration before the American Arbitration Association pursuant to the agreement.
Belatedly, Darlington discovered that the true corporate name of its customer was Aqua Free Products, Inc., not Aqua Free Corp., the name Darlington used on its invoices, shipping documents and confirmations which contained the contract under which the arbitration submission was made and the name used in the notice of intention to arbitrate.
Darlington now seeks a stay of arbitration because it alleges respondent, Aqua Free Corp., has no existence and therefore no standing to arbitrate, and if successful, could not enforce the award.
“The challenge is at once untimely and baseless * * * Participation by respondent in the proceedings before the arbitrator effectuated a waiver by respondent of any claim of absence of contract between the parties. (Matter of Roscoe v. Simon, 12 Misc 2d 370.)
“ Nor does the contract require that the arbitrator ignore the facts and the equities and hold respondent immune from liability for the payments due the fund under the contract, because respondent chose to conduct his business under the names of the several ‘ Victory Apparel ’ concerns which he owned or controlled or in which he was a participant. The award of the arbi *950 trator in that respect is conclusive, despite any assumed error of fact or law.” (Matter of Roscoe v. Simon, 12 Misc 2d 370, 371, supra.)
Once there is participation in the arbitration, as there has been here, the parties waive recourse to any other tribunal, both as to matters of fact and law.
Moreover, it is palpable that respondent’s true identity was never hidden. Darlington had a customer to whom it sold and shipped goods under Darlington’s contract containing an arbitration clause. The customer asserted a claim in arbitration. Darlington asserted a counterclaim. More than a year later, while arbitration was pending Darlington discovered the misnomer and made a credit check and Secretary of State check which disclosed no corporate existence in the name of “Aqua Free Corporation”. All this took place more than a year after goods were ordered, shipped, received and manufactured into swimsuits by “Aqua Free Products, Inc.”. As noted in Roscoe (supra), Darlington is asking the court “ to ignore the facts and the equities ”.
Darlington’s reliance on Lenny Bruce Enterprises v. Fantasy Records (40 Misc 2d 715) is misplaced. There the plaintiff corporation did not exist at all, under any name or for any purpose, at the time it commenced the action as assignee. It had apparently been created thereafter solely to serve as such plaintiff assignee. Here, respondent under its correct name, Aqua Free Products, Inc., existed, held patents, made goods and alleges it sustained damages, albeit that its name is slightly different from the one petitioner used on its bills, and the name used in the arbitration. On application to the arbitrator by either party, appropriate correction can be made, just as the court would in an action improperly captioned. The arbitrator can likewise be informed of the dissolution of respondent, since the proceeding was brought.
Respondent’s cross motion for leave to take petitioner’s deposition on its tests of the fabric is denied, pursuant to subdivision (d) of CPLR 3101.